# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JUAN DIAZ, JR., | : | No. 1:12-cv-1810 |
| --- | --- | --- |
| Plaintiff, | : | Hon. John E. Jones III |
| v. | : | Hon. Martin C. Carlson |
| FEDERAL BUREAU OF PRISONS, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

### March 26, 2013

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

This matter comes before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (doc. 9), filed March 7, 2013. The R&R recommends that we deny the Motion for Clarification (doc. 8) filed by Petitioner Juan Diaz ("Diaz") and further that we deny his Petition for Writ of Habeas Corpus (doc. 1). Diaz filed an objection (doc. 10) on March 15, 2013. For the reasons that follow, we shall adopt Judge Carlson's recommended disposition in its entirety.

## I.  STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II. BACKGROUND

### A. Factual and Procedural History

This is one of three *pro se* civil rights cases recently filed by Petitioner Juan Diaz ("Diaz"), a state prisoner serving a life sentence for murder who is currently housed in federal prison. *See also Diaz v. Holder*, No. 1:12-cv-2507 and *Diaz v. Holder*, No. 1:12-cv-2519. Diaz initiated the matter *sub judice* with the filing of a Petition for Writ of Habeas Corpus (doc. 1) on September 10, 2012. On March 7, 2013, Diaz filed a Motion for Clarification (doc. 8), which in essence restates the claims made in his petition.

Diaz was convicted of murder in state court in Massachusetts and sentenced to life imprisonment. He was transferred to the custody of the Federal Bureau of

Prisons ("BOP") in 2009. According to Diaz, his jailers have not provided him with adequate legal resources, thus prohibiting him from effectively assisting his attorney in state court. Specifically, he requests habeas relief in the form of an order requiring federal prison officials to provide Diaz with legal resources, including access to a complete Massachusetts state law library, to transfer him to a prison with these resources, or to reduce his sentence. In response to an order to show cause, the Defendants filed a brief contending that the petition should be dismissed because it does not attack the fact or duration of Diaz's sentence and is thus beyond the scope of Section 2241 habeas relief.

B.  **Report and Recommendation**

In his R&R, Chief Magistrate Judge Carlson explores the well established purposes of the writ of habeas corpus and ultimately concludes that Diaz has failed to request relief contemplated by Section 2241. Specifically, Judge Carlson notes that the purpose of the writ is to inquire into the legality of the conviction or the sentence imposed and that the only relief authorized by the writ is discharge of the prisoner or his admission to bail if, in fact, his detention is found to be unlawful. (Doc. 9, p. 4 (citing *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002)). Judge Carlson also relied upon *Preiser v. Rodridguez*, 411 U.S. 475 (1973), where the Supreme Court held that if a petitioner is challenging anything "other than the fact

3

or length of his confinement . . . habeas corpus is not an appropriate or available federal remedy." *Id.* at 494. For these reasons, Judge Carlson recommends that the Court dismiss Diaz's petition for failure to state a claim sounding in habeas.

    **C.**    **Objections**

Diaz filed an objection (doc. 10) to the R&R on March 15, 2013. Diaz does not expressly take issue with or respond to any of Judge Carlson's findings or recommendations but instead purports to repackage his claims and broadly reassert them in the wake of Judge Carlson's R&R. In his objection, Diaz maintains that habeas relief is broad in scope and contemplates court orders dictating conditions of confinement, including orders mandating prison officials to make entire state law libraries available to state inmates housed in federal prison. The Defendants have not objected to the R&R.

**III.**   **DISCUSSION**

After an independent review of Diaz's petition, we are in full agreement with the disposition recommended in the R&R. As Judge Carlson notes, federal courts have steadfastly held that a habeas corpus petition is not an appropriate tool for challenging conditions of confinement unrelated to the fact or duration of an inmate's detention. In *Leamer*, the Third Circuit Court of Appeals endeavored to draw a bright line and offer guidance for distinguishing proper requests for habeas

relief from requests more appropriately brought under broader civil rights statutes. The court explained that a claim is properly brought under Section 2241 when it presents a challenge to the "the core of habeas," which it defined as an attack on the "validity of the continued conviction or the fact or length of the sentence." *Leamer*, 288 F.3d at 542. The court further held that "when the challenge is to a condition of confinement such that a finding in the plaintiff's favor would not alter his sentence or undo his conviction," the petition does not sound in habeas and is more properly brought pursuant to some other civil rights statute. *Id.*

As Judge Carlson has excellently articulated, the relief sought by Diaz would not result in an earlier release from confinement or vacatur of his sentence and thus does not fall within the realm of habeas relief as circumscribed by the Circuit in *Leamer*. Instead, Diaz's claims arise entirely from his belief that he has been denied access to the courts, an allegation which quite simply does not sound in habeas and is not the proper subject of a Section 2241 petition. Therefore, we will adopt Judge Carlson's analysis and ultimate conclusion that Diaz may not use a habeas corpus petition to attempt to dictate the conditions of his confinement.

Further, we are compelled to note that notwithstanding Diaz's failed attempt to disguise his civil rights claims as a habeas petition, his contention that he has been denied his constitutional right of access to the courts appears to be patently

without merit. The Supreme Court has held that to sustain a claim for denial of access to the courts, a right recognized by the United States Supreme Court in *Bounds v. Smith*, 430 U.S. 817 (1977) and expounded upon in *Lewis v. Casey*, 518 U.S. 343 (1996), a prisoner must establish an actual denial of access to legal resources which caused him to suffer some injury or prejudice and that the underlying claim or theory which he sought to prosecute was not frivolous. *See Monroe v. Beard*, 536 F. 3d 198, 205-06 (3d Cir. 2008). In that vein, courts have held outright that access to court claims fail where the defendant has access to counsel. *See Tinsley v. Del Rosso*, 2008 U.S. Dist. LEXIS 43259, *10-11 (D.N.J. May 30, 2008) (collecting cases). Diaz's pleadings in this litigation establish that he has been and continues to be assisted by counsel in the state court proceedings, which more than sufficiently protects his right of access to the courts and thus precludes Diaz's sole complaint in requesting habeas claim. *Id.*

## IV.  CONCLUSION

For all of these reasons, we will deny Diaz's habeas petition and dismiss this action, thus mooting Diaz's pending Motion to Clarify. An appropriate Order shall issue.